**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**COURT OF COMMON PLEAS OF PHILADELPHIA**

*Filed and Attested by the*
*Office of Judicial Records*
*25 MAY 2021 04:08 pm*
*S. RICE*

Ryan Quarles,
Plaintiff.

v.

Philadelphia Police Officers
Matthew Ponente, Badge # 7384,
Rozman, Badge #7079,
Aaron Turner, Badge # 9439,
Tilghman, Badge 6338, and
Sgt. McCabe, Badge # 403,
Defendants.

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| **Philadelphia Bar Association**<br>**Lawyer Referral**<br>**and Information Service**<br>**1101 Market St., 11th Floor**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-6333** | **Asociacion De Licenciados**<br>**De Filadelfia**<br>**Servicio De Referencia E**<br>**Informacion Legal**<br>**1101 Market St., 11th Piso**<br>**Filadelfia, Pennsylvania 19107**<br>**(215) 238-6333** |

Case ID: 210502280

**AARON BELL, ESQUIRE**
**PA. BAR ID #325483**
**7303 FFANKFORD AVENUE**
**P.O. BOX 22024**
**PHILADELPHIA, PA 19136**
**(215) 609-4888**                          *Attorney for Mr. Ryan Quarles*
**aaronbelllawfirm@gmail.com**

_____

### IN THE COURT OF COMMON PLEAS OF
### PHILADELPHIA, PENNSYLVANIA

| | | |
|---|---|---|
| **Ryan Quarles,** | : | |
| **Plaintiff** | : | |
| v. | : | **Jury Trial Demanded** |
| | : | |
| **Philadelphia Police Officers** | : | **Civil Action** |
| **Matthew Ponente, Badge # 7384,** | : | **No.** |
| **Rozman, Badge #7079,** | : | |
| **Aaron Turner, Badge # 9439,** | : | |
| **Tilghman, Badge # 6338, and** | : | |
| **Sgt. McCabe, Badge # 403,** | : | |
| **Defendants.** | : | |

## <u>CIVIL COMPLAINT.</u>

Plaintiff, Mr. Ryan Quarles, by and through his attorney, aver as follows:

### INTRODUCTION.

1.     This case is a tragedy that serves as another unfortunate example of why Black citizens cannot afford to blindly trust police. Mr. Quarles, a young black man, seeks substantial monetary damages as a result of falsely arrested and maliciously prosecuted, among other things, with ***lies*** *because* he lawfully carried a firearm ***WITH*** a valid license to carry (LTC).

Case ID: 210502280

2.      Mr. Quarles is a resident of Gwinnett County, Georgia.

3.      The Defendants, Officers Ponente, Badge # 7384, Rozman, Badge # 7079, Turner, Badge # 9439, Tilghman, Badge # 6338, and Sgt. McCabe, Badge # 403, are all employed by the Philadelphia Police Department (PPD) as patrol officers.[1]

4.      Despite knowing that Mr. Quarles is a law-abiding young man who possessed a valid LTC that was issued by the state of Georgia, Defendants conspired amongst each other to, among other things, falsely arrest and accuse Mr. Quarles of carrying a firearm without a license on two separate occasions when he lawfully carried his firearm concealed in public. To this end, Defendants *lied* to this Court and to Philadelphia's District Attorney's Office (DAO) by falsely stating that Mr. Quarles did not possess a valid LTC when they encountered him.

5.      After becoming aware of Defendants' criminal conspiracy to *"railroad"* Mr. Quarles to state prison for serious criminal offenses that never occurred, both the Court and DAO agreed that, as a matter of law, Mr. Quarles was not guilty of Defendants' fabricated charges.

---

[1] Mr. Quarles does not yet have Defendants Rozman, Tilghman, and McCabe's first name which why each is Defendant identified in the caption with only their respective last name and unique PPD badge number.

Case ID: 210502280

6.      Now, cleared of Defendants' false charges, Mr. Quarles seeks to vindicate his rights with a *weighty* judgment that condemns each respective Defendant for his abuse of authority.

7.      Jurisdiction and venue are proper in this Court because all pertinent events occurred within Philadelphia, Pennsylvania.

## FACTS.

8.      From September 29, 2016, to July 28, 2020, Mr. Quarles possessed a valid LTC issued from Gwinnett County, Georgia. Judge Ballar's May 4, 2021, letter to LizMary Mejia-Julio, Esquire, attached as **Exhibit No 1**.

9.      Since April 14, 2018, Pennsylvania and Georgia have been parties to a Reciprocity Agreement in which both states agreed to honor the LTCs that each issues to its respective residents who are at least 21-years old. Reciprocity Agreement of April 14, 2018, between the Commonwealth of Pennsylvania and the State of Georgia ("Pennsylvania-Georgia Agreement"), attached as **Exhibit No. 2**.

10.     In 2020, Mr. Quarles' Georgia LTC authorized him to carry concealed firearms on the public streets of Pennsylvania pursuant to the Pennsylvania-Georgia Agreement because he was at least 21-years old. To be sure, in 2020, Mr. Quarles was 25-years old.

**The First Incident.**

11.     At approximately 4:51 PM, on February 3, 2020, Mr. Quarles was driving a vehicle in the Germantown section of Philadelphia.

12.     On the same date and time, Defendants Ponente and Rozman were on duty as PPD officers, patrolling Germantown in a marked PPD patrol car.

13.     While stopped at the intersection of Gray Street and Chew Avenue, Defendants saw Mr. Quarles and decided to pull him over without having a legal basis to justify the stop.

14.     Mr. Quarles immediately complied with Defendants' signal to pull over. Defendants ordered Mr. Quarles and his passenger out of his vehicle and proceeded to search their persons and the vehicle for contraband.

15.     Upon searching his person, Defendants found Mr. Quarles' .38 Special snub-nose revolver inside of his front pocket. Defendants also recovered Mr. Quarles' Georgia LTC from his pocket and conducted a check to determine whether the license was valid.

16.     When the state of Georgia notified Defendants that the LTC was valid, Defendants arrested Mr. Quarles for carrying a firearm without an LTC, even though it was clear beyond all doubt he was legally entitled to carry firearms concealed in public.

17.     Defendants Ponente and Rozman then transferred Mr. Quarles to the police station to be formally charged and arraigned based solely upon a false narration described in their police report.

18.     In their fabricated report, Defendants falsely stated that Mr. Quarles broke traffic laws and thereafter fled from police in a dangerous highspeed chase on the public highway. Defendants' false report also states that the state of Georgia advised Defendants that Mr. Quarles did not have a valid LTC.

19.     Moreover, Defendants confiscated Mr. Quarles' firearm and LTC credential and have not returned these items.

20.     Relying on Defendants false reports and unaware of their criminal scheme to send Mr. Quarles' to prison for serious crimes offenses that never occured, DAO charged and prosecuted Mr. Quarles for carrying a firearm without an LTC, pursuant to 18 Pa. Cons. Stat. §§6106, 6108. These offenses have a combined statutory maximum punishment of 12 years in the state penitentiary.

21.     On May 4, 2021, the state of Georgia informed DAO that Mr. Quarles' LTC was valid at the time of his arrest. **Exhibit No. 1.**

22.     Realizing that there was never a factual basis for the charges against Mr. Quarles, DAO agreed to dismiss all charges against him and notified the Court that the charges were unwarranted. On May 20, 2021, this Court's Municipal Criminal Section dismissed Defendants' false charges with prejudice. Emails from

DAO and Phila. Ct of Comm. Pl., attached as **Exhibit No. 3**.

23.     Defendants caused Mr. Quarles to serve approximately one month in jail prior to his release on bail.

24.     As a result of Defendants' deliberately unlawful acts, Mr. Quarles has suffered substantial loss of liberty, property, and severe emotional distress.

**The Second Incident.**

25.      At approximately 7 PM, on March 28, 2020, Mr. Quarles was in a passenger inside of a vehicle being driven in West Philadelphia.

26.     On the same date and time, Defendants Tilghman, Turner, and McCabe were on duty as PPD patrol officers, patrolling West Philadelphia in marked police cruisers. Defendants Tilghman and Turner were partners whereas Defendant McCabe was a supervising sergeant driving in a separate patrol vehicle.

27.     Defendants Tilghman and Turner decided to conduct a traffic stop of the vehicle in which Mr. Quarles was a passenger without cause.

28.     Defendants Tilghman and Turner ordered Mr. Quarles and all other persons out of the vehicle. Defendants then proceeded to search all of the vehicle's occupants, including Mr. Quarles, for contraband under pretext of having smelled marijuana. While Defendants Tilghman and Turner were carrying out their search, Defendant McCabe arrived at the scene.

29.    Defendants' search produced no evidence of contraband, but Defendants did find a firearm, a Taurus PT111, G2 .9mm,  on Mr. Quarles' person and they subsequently handcuffed and brought him to the police station.

30.     Mr. Quarles could not produce his LTC credential because Defendants Ponente and Rozman illegally confiscated it during the February 3, 2020, incident. However, Mr. Quarles' knew that he was authorized to carry a firearm because his Georgia LTC was still valid.

31.    Prior to arresting Mr. Quarles, Defendants did conduct a background check to determine whether he actually had a valid LTC. Even though the state of Georgia confirmed that Mr. Quarles possessed a valid LTC, Defendants, conspiring in concert with PPD's 18th District detectives, falsely informed DAO that Georgia never issued Mr. Quarles an LTC.

32.    Moreover, Defendants, conspiring in concert with PPD's 18th District detectives, falsely informed DAO that Mr. Quarles possessed the Taurus .9mm while knowing that it was stolen from Georgia. Defendants had no evidence that the firearm was stolen or that Mr. Quarles knowing possessed the gun under the belief that it was stolen.

33.     Relying on Defendants' false reports and unaware of their criminal scheme to send Mr. Quarles' to prison for serious crimes that never occurred, DAO charged and prosecuted for Mr. Quarles carrying a firearm without an LTC, and receiving stolen property, pursuant to 18 Pa. Cons. Stat. §§ 3925, 6106, 6108. These offenses have a combined statutory maximum punishment of 22 years in the state penitentiary.

34.     Realizing that there was never a factual basis for the charges against Mr. Quarles, DAO agreed to dismiss all charges against him and notified the Court that the charges were unwarranted. On May 20, 2021, this Court's Municipal Criminal Section dismissed Defendants' false charges with prejudice. Emails from DAO and Phila. Ct of Comm. Pl., attached as **Exhibit No. 3**.

35.     Defendants caused Mr. Quarles to serve approximately six months in jail prior to his release on bail.

36.     As a result of Defendants' deliberately unlawful acts, Mr. Quarles has suffered substantial loss of liberty and severe emotional distress.

## COUNT 1: False Imprisonment.

37.      Mr. Quarles hereby incorporates ¶¶ 8-18 by reference.

38.      On February 3, 2020, Defendants Ponente and Rozman falsely imprisoned Mr. Quarles when they detained him without having any basis to believe that criminal activity was afoot or that he had committed any crime, in violation of the laws of Pennsylvania.

## COUNT 2: Malicious Prosecution.

39.      Mr. Quarles hereby incorporates ¶¶ 8-23 by reference.

40.      On February 3, 2020, Defendants Ponente and Rozman initiated a malicious prosecution of Mr. Quarles by deceiving Philadelphia's DAO, with false statements, into prosecuting Mr. Quarles for crimes they knew never occurred, which ultimately resulted in Mr. Quarles' complete exoneration, in violation of Pennsylvania law.

## COUNT 3: Civil Conspiracy.

41.      Mr. Quarles hereby incorporates ¶¶ 8-23 by reference.

42.       On February 3, 2020, Defendants Ponente and Rozman conspired, and did act in concert with each other to violate Mr. Quarles' rights, in violation of Pennsylvania law.

## COUNT 4: Conversion.

43.     Mr. Quarles hereby incorporates ¶¶ 8-19 by reference.

44.      On February 3, 2020, Defendants Ponente and Rozman unlawfully and without consent or justification converted Mr. Quarles' lawful property by confiscating, and refusing to return, his Georgia LTC credential and his .38 snub-nosed pistol, in violation of Pennsylvania law.

## COUNT 5: False Imprisonment.

45.     Mr. Quarles hereby incorporates ¶¶ 8-10, 25-32, by reference.

46.     On March 28, 2020, Defendants Tilghman, Turner, and McCabe falsely imprisoned Mr. Quarles when they detained him without having any basis to believe that criminal activity was afoot or that he had committed any crime, in violation of the laws of Pennsylvania.

## COUNT 6: Malicious Prosecution.

47.     Mr. Quarles hereby incorporates ¶¶ 8-10, 25-35, by reference.

48.     On February 3, 2020, Defendants Tilghman, Turner, and McCabe initiated a malicious prosecution of Mr. Quarles by deceiving Philadelphia's DAO, with false statements, into prosecuting Mr. Quarles for crimes they knew never occurred, which ultimately resulted in Mr. Quarles' complete exoneration, in violation of Pennsylvania law.

## COUNT 7: Civil Conspiracy.

49.    Mr. Quarles hereby incorporates ¶¶ 8-10, 25-35, by reference.

50.    On March 28, 2020, Defendants Tilghman, Turner, and McCabe conspired, and did act in concert with each other to violate Mr. Quarles' rights, in violation of Pennsylvania law.

**WHEREFORE**, Mr. Quarles demands *substantial* compensatory and punitive damages against all named Defendants, jointly and severally, in the amount of **Ten Million Dollars ($10,000,000)**, plus interest and the cost of suit, and such other relief as is just and proper.

Respectfully,

____/s/Aaron Bell_____
Aaron Bell, Esquire
Attorney for Mr. Quarles

Date: May 22, 2021

# EXHIBIT NO. 1

Case ID: 210502280



**Probate Court of Gwinnett County**

**Christopher A. Ballar**
*Judge*

Sandra L. Pak
*Associate Judge*

Jenny Mitchell
*Chief Clerk*

Elizabeth A. Strupe
*Law Clerk*

May 4, 2021

LizMary Mejia-Julio
Philadelphia District Attorney's Office
3 S. Penn Square
Philadelphia, PA 19107-3499

In re: Commonwealth v. Quarles, Ryan

Dear Ms. Mejia-Julio:

The Court received your letter, requesting written documentation of whether the defendant had a valid license to carry in the state of Georgia.

Pursuant to O.C.G.A. § 16-11-129 (l), the judge of a probate court is authorized to verify the legitimacy and validity of a weapons carry license of a license holder pursuant to a subpoena or court order, for public safety purposes to law enforcement agencies pursuant to O.C.G.A. § 50-18-72 (a) (40), and for licensing to a judge of a probate court pursuant to O.C.G.A. § 50-18-72 (a) (40); provided, however, that the judge of a probate court shall not be authorized to provide any further information regarding license holders.

In response to your request, the Court verifies that Ryan Michael Quarles was the holder of a valid Georgia weapons carry license from September 29, 2016 through July 28, 2020.

Sincerely,

Christopher A. Ballar, Judge
Gwinnett County Probate Court

75 Langley Drive
Lawrenceville, GA 30046

(770) 822-8350 Phone
(770) 822-8267 Fax

www.gwinnettcourts.com

Case ID: 210502280

# EXHIBIT NO. 2

Case ID: 210502280

# RECIPROCITY AGREEMENT
## between
## The Commonwealth of Pennsylvania
## and
## The State of Georgia

This Reciprocity Agreement is between the Commonwealth of Pennsylvania, by and through its Office of Attorney General, and the State of Georgia, by and through its Office of Attorney General (together, the "Parties").

**WHEREAS**, the purpose of this Reciprocity Agreement is to mutually extend reciprocal concealed firearm carry license privileges to the residents of the Commonwealth of Pennsylvania and the State of Georgia;

**WHEREAS**, the Commonwealth of Pennsylvania authorizes individuals, with a license issued under 18 Pa. C.S. § 6109 (the "PA License"), to carry a concealed firearm;

**WHEREAS**, the State of Georgia authorizes individuals, with a license issued under O.C.G.A. § 16-11-129 (the "GA License"), to carry a concealed firearm;

**WHEREAS**, the Office of Attorney General of the Commonwealth of Pennsylvania is authorized by 18 Pa. C.S. § 6109(k) to enter into a reciprocity agreement with the State of Georgia providing for the recognition of GA Licenses;

**WHEREAS**, the Office of Attorney General of the State of Georgia is authorized by O.C.G.A. § 16-11-126(e) to enter into a reciprocity agreement with the Commonwealth of Pennsylvania providing for the recognition of PA Licenses;

**WHEREAS**, the Office of Attorney General of the Commonwealth of Pennsylvania has determined that the GA License meets the requirements for reciprocity in the Commonwealth of Pennsylvania;

**WHEREAS**, the Office of Attorney General of the State of Georgia has determined that the PA License meets the requirements for reciprocity in the State of Georgia; and

**NOW, THEREFORE**, in consideration of the mutual benefits and obligations set forth in this Reciprocity Agreement, the Parties hereby agree and covenant as follows:

1. The recitals above are reaffirmed and incorporated herein as material provisions of this Reciprocity Agreement.

2. The Commonwealth of Pennsylvania shall recognize all valid GA Licenses issued to legal residents of the State of Georgia who are 21 years of age or older; the rights and privileges of GA License holders recognized under this Reciprocity Agreement shall be the same as, and not greater than, those rights and privileges granted to PA License holders under Pennsylvania law.

Case ID: 210502280

3. The State of Georgia shall recognize all valid PA Licenses; the rights and privileges of PA License holders recognized under this Reciprocity Agreement shall be the same as, and not greater than, those rights and privileges granted to GA License holders under Georgia law.

4. This Reciprocity Agreement applies only to the carrying of concealed firearms and not to any other types of weapons.

5. The Commonwealth of Pennsylvania and the State of Georgia will promptly inform each other of any changes in their respective concealed carry firearm license statutes and provide a copy of the revised statutes, as any changes may impact the validity of this Reciprocity Agreement.

6. This Reciprocity Agreement is contingent upon and shall remain effective only as long as the respective statutory authority set forth above continues to authorize the Parties to grant reciprocal privileges.

7. This Reciprocity Agreement shall become immediately effective, and rescind and replace any prior agreement, upon its execution by the Parties and shall continue in effect unless modified or terminated by the Parties in writing.

8. This Reciprocity Agreement may be terminated by either Party upon thirty (30) calendar days' written notice.

9. GA License holders carrying a concealed firearm in the Commonwealth of Pennsylvania under this Reciprocity Agreement shall comply with all applicable laws, rules, and regulations of the Commonwealth of Pennsylvania.

10. PA License holders carrying a concealed firearm in the State of Georgia under this Reciprocity Agreement shall comply with all applicable laws, rules, and regulations of the State of Georgia.

11. This document is not intended to and shall not limit or restrict the statutory authority or jurisdiction of the Parties.

| | |
|---|---|
| _Amy M. Elliott_    4/14/18 | _Tina M. Piper_    11/3/17 |
| Amy M. Elliott    Date | Tina M. Piper    Date |
| Chief Deputy Attorney General | Senior Assistant Attorney General |
| Office of Attorney General | Office of Attorney General |
| Commonwealth of Pennsylvania | State of Georgia |

Case ID: 210502280

# EXHIBIT NO. 3

Case ID: 210502280

 Gmail                                    Aaron Bell, Esquire <aaronbelllawfirm@gmail.com>

## Fw: Request for Re-List to Withdraw Prosecution
2 messages

**BERTO M ELMORE** <bertoelmore@msn.com>                    Tue, May 18, 2021 at 11:57 PM
To: "Aaron Bell, Esquire" <aaronbelllawfirm@gmail.com>

Berto M. Elmore
Attorney At Law
C: 215-668-5802
E: bertoelmore@msn.com

**From:** LizMary Mejia-Julio <LizMary.Mejia-Julio@Phila.gov>
**Sent:** Tuesday, May 18, 2021 7:48 PM
**To:** Dugan, Edwin <edwin.dugan@courts.phila.gov>; Cantoral, Jennifer <Jennifer.Cantoral@courts.phila.gov>
**Cc:** Deborah Watson-Stokes <Deborah.Watson-Stokes@phila.gov>; bertoelmore@msn.com <bertoelmore@msn.com>
**Subject:** Request for Re-List to Withdraw Prosecution

Good evening,

I would like to relist both cases for Quarles, Ryan MC-003125-2020; MC0007375-2020 in room 405 to be withdrawn by the Commonwealth.


Defendant: Quarles, Ryan

MC-51-CR-003125-2020

MC-51-CR-0007375-2020

Defense email: bertoelmore@msn.com <bertoelmore@msn.com>;

Next listing date: 7/28/2021 9 AM in room 503



Best,

LizMary Mejia-Julio
Assistant District Attorney
Municipal Court Unit
Philadelphia District Attorney's Office
3 South Penn Square
Philadelphia, PA 19107
Office: 215-686-5760
Cell: 267-225-5828

lizmary.mejia-julio@phila.gov

 Virus-free. www.avast.com

---

**BERTO M ELMORE** <bertoelmore@msn.com>                    Wed, May 19, 2021 at 9:30 PM
To: "Aaron Bell, Esquire" <aaronbelllawfirm@gmail.com>

Berto M. Elmore
Attorney At Law
C: 215-668-5802
E: bertoelmore@msn.com

---

**From:** Clark, Hayes <Hayes.Clark@courts.phila.gov>
**Sent:** Wednesday, May 19, 2021 9:20 AM
**To:** bertoelmore@msn.com <bertoelmore@msn.com>; lizmary.mejia-julio@phila.gov <lizmary.mejia-julio@phila.gov>; Police Cpl_Court_Attendance <Police.Cpl_Court_Attendance@phila.gov>; Wichert, William <william.wichert@courts.phila.gov>; John.Tartikoff@phila.gov <John.Tartikoff@phila.gov>; Robert.Daisey@phila.gov <Robert.Daisey@phila.gov>; Mary.Zlotnicki@phila.gov <Mary.Zlotnicki@phila.gov>; Sheaffer, Monique <monique.scott@courts.phila.gov>
**Cc:** Cantoral, Jennifer <Jennifer.Cantoral@courts.phila.gov>; Dugan, Edwin <edwin.dugan@courts.phila.gov>; McDermott, Joseph <Joe.McDermott@courts.phila.gov>; Mertz, Shawn <Shawn.Mertz@courts.phila.gov>
**Subject:** FW: Request for Re-List to Withdraw Prosecution

CW v. Ryan Quarles
MC-51-CR-0003125-2020
DC#: 2035010242
**Date Cancelled: 7/19/21, 503 SCCJ, 10AM – Preliminary Hearing**
**Date Rescheduled: 5/20/21, 405 SCCJ, 10:30AM – Status**

MC-51-CR-0007375-2020
DC#: 2018025396
**Date Cancelled: 7/8/21, 503 SCCJ, 9AM – Preliminary Hearing**
**Date Rescheduled: 5/20/21, 405 SCCJ, 10:30AM – Status**

Good Morning,

Please be advised that the matters above have been administratively rescheduled for a withdraw on **5/20/21, 405 SCCJ @ 10:30AM** by request of the DA's Office. By copy of this email, all parties have been advised of the listing.

Thank you.

<span style="color:red">Case ID: 210502280</span>

***Hayes A. Clark Jr.***
First Judicial District of Pennsylvania
Municipal Court - Criminal Listings
Justice Juanita Kidd Stout
Center for Criminal Justice
1301 Filbert St
Philadelphia, PA 19107
Phone: 215-683-7297
Fax: 215-683-7295
Hayes.Clark@courts.phila.gov

**From:** LizMary Mejia-Julio <LizMary.Mejia-Julio@Phila.gov>
**Sent:** Tuesday, May 18, 2021 7:48 PM
**To:** Dugan, Edwin <edwin.dugan@courts.phila.gov>; Cantoral, Jennifer <Jennifer.Cantoral@courts.phila.gov>
**Cc:** Deborah Watson-Stokes <Deborah.Watson-Stokes@phila.gov>; bertoelmore@msn.com
**Subject:** Request for Re-List to Withdraw Prosecution

CAUTION: This email originated from outside the organization. Do not click on links or open any attachments unless you recognize the sender and confirmed the content is safe.

[Quoted text hidden]

Case ID: 210502280

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA, PENNSYLVANIA

| | | |
|---|---|---|
| **Ryan Quarles,** | : | |
| **Plaintiff** | : | |
| v. | : | |
| | : | **Civil Action** |
| **Philadelphia Police Officers** | : | **No.** |
| **Matthew Ponente, et al.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## VERIFICATION

The undersigned avers, under the penalty for unsworn falsification to authorities, that the facts contained in the foregoing Complaint are true to the best of his knowledge and belief.

DocuSigned by:

_____
8A37CE84507B46F...

Ryan Quarles
Plaintiff

Date: May 22, 2021