# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **STATE OF GEORGIA** | **INDICTMENT NO. 18SC159472** |
| vs | |
| **RYAN QUARLES** | **JUDGE: COX** |

## MOTION TO REVOKE BOND

NOW COMES THE STATE, by and through Paul L. Howard, Jr., District Attorney, and moves this Court to revoke bond granted to defendant **Ryan Quarles** in the above-styled case. In support of said request, the State shows the following:

Defendant was arrested and charged 6/11/2018 with Armed Robbery, Aggravated Assault with a Deadly Weapon, Financial Transaction Card Fraud, and Possession of a Firearm During the Commission of a Felony. He was subsequently granted a $36,000.00 Signature Bond through Pretrial Services subject to Level 2 supervision on 7/11/2018.

Since being released on bond, the Defendant has been subsequently arrested in Philadelphia, Pennsylvania for Possession of a Firearm. The events that precipitated the pending case occurred on 2/3/2020. The Defendant was not given permission by Pretrial Services to travel out of the state of Georgia and was not allowed to possess any firearms.

Defendant has clearly shown that he will not abide by the conditions of his bond order, that being that the Defendant not have any firearms on his person. Further, Defendant has demonstrated by his performance between 7/11/2018 and 2/3/2020, that if permitted to remain on bond on this case, he will most likely obstruct the administration of justice while awaiting trial in direct violation of O.C.G.A. § 17-6-1 (e)(4). Additionally, the Defendant poses a significant risk of committing new felony charges pending trial in violation of O.C.G.A. § 17-6-1 (e)(3). Lastly, given the severity of the charges pending against the Defendant, there is significant probability that Defendant may flee the jurisdiction of this Court in violation of O.C.G.A. § 17-6-1 (e)(1) if permitted to remain on bond.

WHEREFORE, the State moves this Court to revoke all bonds outstanding on this Indictment.

I hereby certify that I have, on this date, served the within and foregoing documents upon the Counsel of Record for the Defendant by _____ depositing a copy of the same with the United States Postal Service in a properly addressed envelope with adequate postage affixed thereon to ensure prompt delivery to said attorney, __**X**__ via email to the known email address of the attorney of record, or _____ leaving a copy of the discovery on the 3rd floor of the District Attorney's office, per agreement with defense counsel, or ____ by hand delivery as noted.

D217