# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RYAN QUARLES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-2813** |
| | : | |
| **COMMISSIONER DANIELLE OUTLAW,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |
| | : | |

**DEFENDANT COMMISSIONER DANIELLE OUTLAW'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSIONS**

Defendant, Philadelphia Police Commissioner Danielle Outlaw, by and through her attorney, Shannon Zabel, hereby serves these responses to Plaintiff's first set of Requests for Admissions pursuant to the Federal Rules of Civil Procedure. By serving these responses, Defendant does not waive any objection she may have to the admissibility of any materials or answers produced in response to these requests.

**GENERAL OBJECTIONS**

1. Defendant objects to the Requests to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other recognized privilege.

2. Defendant objects to the Requests to the extent that they seek legal conclusions/or would require Defendant to reach a legal conclusion in order to prepare a response.

3. Defendant objects to the Requests to the extent they are argumentative, prejudicial, improper, incorrect, vague, and/or ambiguous.

1

4.  Defendant objects to the Requests to the extent that they assume as true facts that have not been admitted or otherwise established.

## RESERVATION OF RIGHTS

All responses to the following admissions are made without in any way waiving but, on the contrary, intending to reserve and reserving:

1.  All questions as to the competency, relevancy, materiality, privilege and admissibility for any purpose in any subsequent proceeding or the trial or arbitration of this or any other action;

2.  The right to object on any grounds to the use of any of these documents, or the subject matter thereof, in any subsequent proceeding or the trial or arbitration of this or any other action;

3.  The right to object on any grounds at any time to a demand for further responses to these or any other document request or other discovery proceedings involving or relating to the subject matter of the document requests herein answered; and

4.  The right at any time to revise, correct, supplement, clarify and/or amend the responses and objections set forth herein.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

1.  In February 2020, Philadelphia Police Department ("PPD") did not provide train its officers on how to verify gun permits issued from the State of Georgia pursuant to that State's gun laws.

    **RESPONSE**: Objection, the request for admission is vague and confusing with regards to the phrase "did not provide train its officers."  Subject to, and without

2

waiving said objection, denied as stated.  The PPD trained its officers how to verify a

gun permit pursuant to Directive 5.27, though not on the particular laws of the state of

Georgia.

2.  You currently do not provide PPD's officers with training on how to verify gun permits
    pursuant to Georgia's gun laws.

    **RESPONSE**: Objection, the request for admission seeks information that is not

    relevant to the claims or defenses in this case.  Subject to, and without waiving said

    objection, denied as stated.  The PPD trains its officers how to verify a gun permit

    pursuant to Directive 5.27, though not on the particular laws of the state of Georgia.


3.  You are aware that Pennsylvania and Georgia have a gun permit reciprocity agreement.

    **RESPONSE**: Objection, the request for admission is vague and confusing in its use of

    the terms "you" and "aware" which are not defined.  Official capacities suits are simply

    another way of pleading an action against an entity of which an officer is an agent.

    *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, an official capacity suit should

    be treated as a suit against the government entity itself.  *Id.* at 166.  The City is not a

    person and thus cannot be "aware." Subject to, and without waiving said objection,

    admitted that a reciprocity agreement exists between the State of Georgia and the

    Commonwealth of Pennsylvania regarding reciprocal concealed firearm carry license

    privileges for residents of both states.

4.  You are aware that PPD's officers will likely arrest a person who is concealed carrying a firearm on a public street if the officers are not able to verify whether the person carrying the firearm has a valid license to carry.

**RESPONSE**: Objection, the request for admission is vague and confusing in its use of the terms "you" and "aware" which are not defined.  Official capacities suits are simply another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, an official capacity suit should be treated as a suit against the government entity itself.  *Id.* at 166.  The City is not a person and thus cannot be "aware." Furthermore, the request for admission is vague and ambiguous with regards to the term "likely" and seeks an admission for all officers and the likelihood of their actions, which the City cannot attest to.  Finally, the request for admission asks for a conclusion about an ultimate issue in this matter. Subject to, and without waiving said objection, denied as stated.

5.  It is reasonable expect PPD officers to be mistaken and to make wrong decisions when dealing in areas of the law in which they have not received any training or instructions.

**RESPONSE**: Objection, the request for admission is vague and ambiguous in its use of the terms "reasonable," "mistaken," "wrong decisions," and "instructions" which are not defined.  Furthermore, the request for admission asks for a conclusion about an ultimate issue in this matter.  Subject to, and without waiving said objection, denied as stated.

Date: <u>January 6, 2022</u>                    <u>/s/ Shannon Zabel</u>
                                        Shannon Zabel
                                        Deputy City Solicitor
                                        Pa. Attorney ID No. 321222
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor

Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov

5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RYAN QUARLES,** | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 21-2813** |
| | : | |
| **COMMISSIONER DANIELLE OUTLAW,** | : | |
| **et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Shannon Zabel, Esquire, Attorney for the Defendants in the above-captioned matter, certify that a true and correct copy of the Defendant Commissioner Danielle Outlaw's Responses to Plaintiff's First Set of Requests for Admissions was served on this date via email to Plaintiff's attorney.

Date: <u>January 6, 2022</u>

<u>*/s/ Shannon Zabel*</u>
Shannon Zabel
Deputy City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov